UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MANUEL E. RIVAS,

    Plaintiff,

v.

NORTHSTAR LOCATION SERVICES, LLC,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Defendant sent a letter into this District.

**PARTIES**

3. Plaintiff, MANUEL E. RIVAS, is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NORTHSTAR LOCATION SERVICES, LLC, ("Northstar") is a limited liability company formed under the laws of the State of New York with its principal place of business at 4285 Genesee Street, Cheektowaga, New York 14225.

5. Defendant is a citizen of the State of New York.

6. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

7. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant regularly collects or attempts to collect debts for other parties.

10. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a debt to Discover Bank for a credit card Plaintiff used for his own personal, family and household purposes ("the alleged debt").

12. Plaintiff failed to pay the alleged debt and it went into default.

13. Thereafter, Discover Bank referred the alleged debt to Defendant for the purpose of collecting the debt.

14. On or about March 6, 2017, Defendant mailed a letter to Plaintiff regarding the alleged debt ("the letter"), attached as Exhibit "A".

15. Plaintiff received the letter shortly thereafter.

16. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

17. The letter contains disclosures required by 15 U.S.C. §1692g.

18. The disclosures contained in the letter are required only in an initial communication with a consumer regarding an alleged debt.

19. Because the letter contains disclosures required only in an initial communication and because it was the first letter Plaintiff received from Defendant, Plaintiff contends that the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

20. The letter states: "Balance: $1,895.49."

21. Pursuant to the terms and conditions of the credit card, Discover Bank charged Plaintiff interest on any balance carried.

22. The right to collect interest on any balance carried on the account was not waived by Discover Bank.

23. Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed to stop the charging of interest by Discover Bank.

24. Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance carried.

25. Pursuant to the terms and conditions of the credit card, Discover Bank had the legal right to collect interest on any balance carried.

26. Pursuant to the terms and conditions of the credit card, Discover Bank had the legal right to sell, or assign, the alleged debt to other parties who may then seek to

collect the alleged debt from Plaintiff and seek to enforce all of Discover's rights under the credit card agreement including the right to interest.

27. The letter is silent on the issue of interest.

28. The letter does not state whether Discover Bank will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

29. The top portion of the letter contains a tear-off section with a blank space for Plaintiff to write in the "amount remitted".

30. The letter instructs Plaintiff "[t]o ensure proper credit, return this portion with your payment".

31. Defendant's request that Plaintiff inform it of the amount remitted implicitly acknowledges the amount due can be something other than the $1,895.49 set forth in the letter.

32. Defendant's request that Plaintiff inform it of the amount remitted implicitly acknowledges Plaintiff cannot determine the amount due based upon the language of the letter and deceptively establishes a reason for Plaintiff to telephone Defendant to inquire as to the amount due and thereby become subjected to additional telephonic attempts to collect, all by subtle design and to the benefit of Defendant.

33. If the alleged debt is accruing interest, Defendant has failed to inform Plaintiff of this fact.

34. If the alleged debt is not accruing interest, Defendant has still left the amount of the debt in doubt, because Defendant does not say whether the $1,895.49 set forth will be accepted as full payment or not.

35. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

36. One court in this district has agreed with the rationale of *Avila,* holding in a case based upon a similar letter:

> Based on the wording of the Collection Letters, if Plaintiff were to remit the "account balance" shown on the Letters, she would [*10] not know whether she had paid the debt in full. Thus, Plaintiff has adequately alleged a violation of § 1692e.

*Pimentel v. Nationwide Credit, Inc*., 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

37. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of least sophisticated consumer…" (internal quotations and citations omitted).

38. A debt collection letter violates §1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

5

39. The least sophisticated consumer could reasonably read the letter to mean that interest is still accruing because the credit card agreement provides for interest, because Discover Bank has the right to accrue interest, because Discover Bank never waived its right to accrue interest, because Discover Bank has the right to sell the alleged debt to other parties who may assert all of Discover Bank's rights including the right to interest, and because no one ever informed Plaintiff that the right to interest had ceased.

40. On the other hand, the least sophisticated consumer could reasonably read the letter to mean that interest is no longer accruing, because it is not mentioned in the letter.

41. The least sophisticated consumer could reasonably read the letter to mean that the amount set forth was only accurate as of the date of the letter and that any payment thereafter must include an additional amount for interest.

42. Conversely, the least sophisticated consumer could reasonably read the letter to mean that payment of the amount set forth at anytime in the future, even years hence, would fully satisfy the alleged debt, when it would not.

43. Defendant deceptively and misleadingly stated the amount of the alleged debt.

## COUNT I
## DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF THE DEBT

44. Plaintiff incorporates Paragraphs 1 through 43.

45. Defendant's letter deceptively and misleadingly states the amount of the alleged debt by failing to disclose either whether the balance may increase due to interest

or whether Discover Bank will accept payment of the stated amount in full satisfaction of the debt if payment is made by a specified date, in violation of 15 U.S.C. §1692e. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016); *Pimentel v. Nationwide Credit, Inc.*, 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE STATEMENTS

46.    Plaintiff incorporates Paragraphs 1 through 43.

47.    Defendant's letter makes false statements as to the amount of the alleged debt by creating conflicting reasonable interpretations, one of which is inaccurate, in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658